Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4040 | **DATE** | 7/6/2000 |
| **CASE TITLE** | Envases De Hoja vs. Hearthside Baking | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Envases' motion to strike defendant's Second Amended Answer and Counterclaim is granted. (25-1) Lenell's Second Amended Answer and Counterclaim are stricken (without prejudice, of course, to Lenell's right to assert its new counterclaim in a separate action to be tried on its own). This action has previously been set for a telephonic status hearing at 8:45, July 11, 2000, at which time the parties should be prepared to discuss the prompt preparation of the FPTO
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 7 2000 | 33 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 7/6/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENVASES DE HOJA DE LATA, S.A. )
DE C.V., )
 )
　　　　　Plaintiff, )
 )
v. ) No. 99 C 4040
 )
HEARTHSIDE BAKING CO., INC., etc., )
 )
　　　　　Defendant. )

MEMORANDUM OPINION AND ORDER

　　　　Envases de Hoja de Lata, S.A. de C.V. ("Envases") filed this action in mid-June 1999 against cookie manufacturer Hearthside Baking Co., Inc. d/b/a Maurice Lenell Cooky Company ("Lenell") to recover for unpaid metal cookie tins ("Tins") sold and delivered to Lenell, in an amount then estimated to be in excess of $890,000. Lenell responded with an answer and comparatively modest counterclaim, and it then amended that counterclaim in a very minor respect in early January 2000. Next this Court--with the joint approval of counsel, as is its universal practice--set a discovery cutoff date of April 15. Just before that date Lenell's counsel asked and was granted another 60 days to clean up some remaining tag ends of the discovery process.

　　　　At the time of presentment of that motion for extension, Lenell's counsel also expressed an intention to amend its counterclaim again. Both this Court (which was of course unwilling to write a blank check in Lenell's favor) and Envases' counsel (who did not know what Lenell might propose to tender)

expressed reservations on that score. Then, when Lenell did submit its Second Amended Answer and Counterclaim, that filing turned out to encompass totally new claims of an entirely different nature from those previously at issue. Understandably Envases responded with a motion to strike, and that motion has now been fully briefed by the parties.

Before that issue is addressed, though, a few words may profitably be said about the other recent development in the case: Envases' earlier motion seeking what it described as a partial summary judgment. That filing, submitted in the middle of last month, revealed that Envases' claim for unpaid Tins approaches $1 million, and that even <u>Lenell's own statement of account</u> shows an outstanding balance of over $600,000 owed to Envases (indeed, Envases' motion referred to the absence of any genuine issue of material fact as to over $850,000 owed by Lenell). At the time of Envases' June 22 presentment of the motion and supporting papers on this Court's motion call, this Court was compelled to deny the requested relief orally, not because of any flaws in Envases' claim but rather because of the technicalities of what can or cannot qualify as a "partial summary judgment"--one that gives rise to an appealable and enforceable judgment. But this Court then made it plain in its oral ruling that Lenell's stonewalling, which has taken the form of its not honoring and paying the acknowledged portion of its

obligations while it continues to do battle in court over the contested amounts, smacked of bad faith.

There appears to be good reason to view Lenell's belatedly-asserted counterclaim in the same light, and it is disturbing as well to see that its counsel seem to be willing handmaidens to that apparent stonewalling. But it is unnecessary to reach any definitive conclusions on that score to resolve the current motion.

Instead it suffices to say, without having to rehash the parties' respective positions, that Envases' objections to the late injection of Lenell's new claims are powerful stuff, far greater than is required to overcome the presumptive liberality counseled by Fed. R. Civ. P. 15(a) and by the general principles announced in the seminal Foman v. Davis, 371 U.S. 178, 182 (1962) opinion. And that is equally well demonstrated by the somewhat different (but conceptually related) approach of viewing the current situation just as though Lenell had brought its proposed new counterclaim as a separate action (assigned at random under the system described in this District Court's IOP 11 and explained in the Committee Comment to its LR 40.1) and had then moved for reassignment of that action to this Court's calendar under LR 40.4.

It is plain that any such motion would be denied out of hand, because the hypothetical new action--although it would of

3

course be considered "related" under the undemanding disjunctive conditions of LR 40.4(a)--would fail two of the four conjunctive (and more demanding) criteria of LR 40.4(b):

> (3) the earlier case had not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>
> (4) the cases are susceptible of disposition in a single proceeding.

Discovery in this case, as it now stands without reference to Lenell's new claims, is completed--and hence this case is ripe for the swift preparation of a final pretrial order ("FPTO"), to be followed by as prompt a trial as schedules permit. That prospect of an early trial would be defeated by injecting Lenell's new claims, with their added demands of discovery and preparation. And both of those failed LR 40.4 factors call for the rejection of Lenell's effort to shoehorn its new separate claims into this lawsuit, thus holding up its disposition substantially.

In short, Envases' motion must be and hereby is granted. Lenell's Second Amended Answer and Counterclaim are stricken (without prejudice, of course, to Lenell's right to assert its new counterclaim in a separate action to be tried on its own). This action has previously been set for a telephonic status hearing at 8:45 a.m. July 11, 2000, at which time the parties should be prepared to discuss the prompt preparation of the FPTO

referred to earlier.

                                */s/ Milton I. Shadur*
                                Milton I. Shadur
                                Senior United States District Judge

Date: July 6, 2000