# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4040 | **DATE** | 7/18/2001 |
| **CASE TITLE** | Zapata Hermanos Sucesores, S.A. vs. Hearthside Baking Co., Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Judgment Order. Lenell's alternative Rule 50 and Rule 59 motions are without merit and are denied, except for granting a limited judgment as a matter of law in the sum of $4,848 on a portion of Lenell's counterclaim. (72-1, 72-2) In addition to that reduction in Zapata's verdict, this Court orders a remittitur of $35,667.61 because of what it finds to be the excess interest amount included in the jury's verdict. Accordingly judgment is hereby ordered to be entered effective July 19, 2001 in favor of Zapata and against Lenell in the total sum of $1,176,350.95.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 19 2001 | |
| | Notified counsel by telephone. | date docketed | 77 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 7/19/2001 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SN | courtroom deputy's initials | FILED FOR DOCKETING 01 JUL 19 AM 7:34 | SN mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 1 9 2001

ZAPATA HERMANOS SUCESORES, S.A., )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   No.  99 C 4040
                                 )
HEARTHSIDE BAKING CO., INC.,     )
etc.,                            )
                                 )
          Defendant.             )

<u>MEMORANDUM OPINION AND JUDGMENT ORDER</u>

After the June 19, 2001 return of a jury verdict (photocopy
attached as Ex. 1) that (1) granted Zapata Hermanos Sucesores,
S.A. ("Zapata") a substantial though not total victory on its
claims against Hearthside Baking Co., Inc. d/b/a Maurice Lenell
Cooky Company ("Lenell")[1] and (2) rejected Lenell's counterclaim
comprising several asserted breaches of contract on Zapata's
part, Lenell has filed a motion under Fed. R. Civ. P. ("Rule") 50
for judgment as a matter of law and under Rule 59 for a new
trial.  This Court's reading of that motion discloses virtually
all of it to be of the type that attempts to fling gobs of mud
toward a wall or ceiling, hoping that as much as possible will

---

[1]  Although Zapata lost its jury-tendered claim against
Lenell based on contested invoices aggregating $76,503.19 for
assertedly-unpaid-for cookie tins, this Court had already awarded
Zapata $857,796.90 as a matter of law on Zapata's invoices
covering tins that Lenell had admittedly received and used but
had never paid for at all, despite the passage of several years.
Before the jury Zapata did prevail on the hotly disputed item of
prejudgment interest on Lenell's nonpayment of its obligations,
with the verdict in that respect being rendered for Zapata in the
amount of $355,560.91.

stick.  Zapata's detailed response has graphically demonstrated the poverty of Lenell's effort in all but two respects, which are readily identifiable and curable without disturbing the jury's resolution of the issues via either judgment as a matter of law (the old jnov) or a new trial.

It must be said at the outset that too much of the Lenell motion depends on a warped view of the evidence, patently 180° out of phase with the unanimous evaluation by the eight jurors who heard and saw the witnesses and were entitled to make their judgments as to credibility.  As this Court recently said orally, in speaking of the motion and advising counsel for the parties that this written ruling would be forthcoming, Lenell's counsel must have been in attendance at a different trial from the one over which this Court presided for them to say at Motion 1:

> [E]ven when the evidence is viewed in its aspect most favorable to the plaintiff it so overwhelmingly favors the defendant that no contrary verdict based on the evidence could stand.

To recap this Court's preliminary oral remarks, it was well within the jury's prerogative to view Lenell's conduct as outrageous and to look at the testimony of its witnesses through that lens.  In that respect, for example, the jury was surely entitled to take a dim view of Lenell's total lack of explanation of why, once the parties' relationship had ended, it did not conduct itself honorably by making at least a substantial payment toward its <u>admitted</u> obligation (leaving the disputed portion to

2

be fought over).[2] It is no answer for Lenell to say (as its witnesses did at trial) "and then suit was filed," as though that created a sort of iron curtain that justified Lenell's continued stiffing of its creditor as to the entire amount of a very large outstanding (and to a large extent undisputed) obligation.

In that regard, it was well within the jury's unquestioned province to discredit the testimony of Lenell's chief executive officer Terry Cohen that at one point he offered Zapata a $250,000 payment with no strings attached, only to have that offer met with an "all or nothing" response on the part of Zapata's representative--an extraordinarily improbable scenario, for it assertedly occurred at a time when there is no question that Zapata was pushing for payment because its bankers were pressuring it and it was having difficulty getting credit from its suppliers of raw materials. This Court like the jury listened to and observed all of the witnesses, and it can fairly say that in something over two decades on the bench it has seldom

---

[2] It is true that Lenell sought to advance, late in the day, a claim that Zapata owed it money for the non-return of artwork assertedly belonging to Lenell. Under the circumstances, this Court rejected that afterthought claim as creating an impermissible delay in the trial of the well-advanced issues in this lawsuit as the parties had originally framed them and prepared them for trial. That late-advanced claim by Lenell is now the subject of a later-filed and still pending lawsuit. But even if that matter had been shoehorned into this litigation, it still would not have provided an answer as to Lenell's total nonpayment of any amount that was indisputably due Zapata in all events.

3

encountered a witness who came across as less credible than Terry Cohen. And as this jury (like all juries) was instructed, whenever they have found a witness to have been impeached[3] or otherwise less than credible, they are entitled to treat that as tainting part or all of the witness' testimony.

In a way the just-stated focus on Terry Cohen's testimony alone could be potentially misleading. It was also well within the jury's ken to perceive much if not all of the other evidence proffered by Lenell on critical issues as highly suspect.[4] As always, the jury verdict must be evaluated with the evidence taken in its most favorable pro-Zapata light. But before the bulk of Lenell's shotgun (or blunderbuss) contentions are examined from that perspective, the one clear flaw and the other likely (but not certain) flaw in the verdict merit discussion.

As stated earlier, the jury verdict was rendered entirely in

---

[3] Even apart from the potential for regarding some of Terry Cohen's testimony as inherently incredible, there were a number of respects in which he was expressly contradicted or otherwise impeached.

[4] There is nothing inconsistent about the jury's verdict in that regard. As to the $76,000-odd in disputed invoices as to which the jury rejected Zapata's claim, the extremely large volume of transactions between the parties and the way in which Lenell made payments over the years, dealing with very old invoices (and not necessarily sequentially) while leaving large amounts of its accounts payable to Zapata open at all times, rendered Zapata's efforts at proof difficult. In that respect, again it was within the jury's province to find simply that Zapata had not met its burden of proof as to those particular items.

Zapata's favor on Lenell's counterclaim, which aggregated some $120,000. That was mistaken as to something less than 5% of the counterclaim amount, for Zapata had admitted liability for the smallest item in that counterclaim: $4,848 attributable to Lenell's having to place corrected labels on a group of misprinted tins delivered by Zapata. That $4,848 item was covered by two short sentences in Jury Instruction 30, which was one of the 38 instructions submitted to the jury.

Although it is never possible to know just how a jury carries on its deliberations and reaches its ultimate outcome, this Court suspects that the error here was likely ascribable to one facet of the detailed closing argument by Zapata's counsel. When counsel summarized what verdict Zapata was asking the jury to return, he simply asked for a ruling in Zapata's favor on Lenell's counterclaim, without differentiating or singling out Zapata's admitted indebtedness for the $4,848 item. Although the jury unquestionably erred in not picking up on the jury instruction rather than on counsel's mistaken oral request for total victory, that small tail cannot be permitted to wag the entire dog--to taint the entire verdict.

Instead this Court grants Lenell's Rule 50(b) motion to a partial extent, ordering judgment in favor of Lenell and against Zapata in the sum of $4,848. Zapata's counsel has already acknowledged the propriety of such a ruling in a post-verdict

5

letter. And because Zapata's relief that has been granted both by the jury and by this Court far exceeds that amount, the $4,848 adjustment will be made by a reduction in Zapata's net verdict.

Only one other aspect of the verdict is at all problematic: the jury's award of over $355,000 in interest on Lenell's long-standing indebtedness to Zapata. Here the problem is not with the potential award of interest as such, for the parties agreed in the final pretrial order that the United Nations Convention on Contracts for the International Sale of Goods ("Convention," which is reproduced in the pocket part to the last volume in 15 U.S.C.A.) provided the rules of decision governing their transactions. In relevant part Convention Art. 74 reads:

> Damages for breach of contract by one party consist of a sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach. Such damages may not exceed the loss which the party in breach foresaw or ought to have foreseen at the time of the conclusion of the contract, in the light of the facts and matters of which he then knew or ought to have known, as a possible consequence of the breach of contract.

And Convention Art. 78 specifies:

> If a party fails to pay the price or any other sum that is in arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74.

It was Lenell's basic position, stated in advance of trial by its trial brief and continued throughout the trial, that no interest was payable at all because the parties' course of dealing demonstrated that Lenell was never "in arrears"--that the

6

parties' failure to have discussed the subject of interest, when coupled with Lenell's course of conduct (which was marked by its nonpayment on anything remotely approaching a current basis for tins admittedly delivered and used), somehow <u>entitled</u> Lenell not to make current payments as a matter of right without having to account for its delay in such payments. As Lenell would see things, it had the use of hundreds of thousands of dollars of Zapata's money at all times without having to pay any price for the cost of money--essentially it had a captive Mexican "banker" that, unlike all other bankers, purportedly charged nothing for the extension of a line of credit that was always in the high six figures and was sometimes in excess of $1 million.

To counter that position, Zapata pointed not only to the express provisions of its invoices (which uniformly required the payment of interest and specified the rate to be charged) but also to Lenell's own purchase orders, which always contained the type of provision thoroughly familiar to business people--"1% 10 days net 30 days" or "1% 10 days net 60 days."[5] With the parties thus having proffered their respective evidentiary versions on

---

[5] Lenell's "explanation" at trial was that the insertion of those provisions in all of its purchase orders was simply the work of secretaries, who assertedly acted on their own in doing so because that was a blank in the purchase order form that had to be filled in somehow. That illustrates in microcosm the kinds of strained assertions on Lenell's part that may understandably have led the jury to be skeptical about anything advanced by Lenell's witnesses.

the subject, the issue represented a paradigmatic jury question that the jury weighed and then resolved in Zapata's favor (as it was surely entitled to do).[6]

Instead the potential difficulty with the verdict is in its quantification of the interest award, for Zapata's calculation (and the amount that the jury awarded) was based on the interest rate specified in Zapata's invoices when applied to the entire amount that Zapata had claimed, including the invoices that the jury then rejected in its first finding included in the verdict form. Zapata does argue that the jury could have found that the

---

[6] In that respect Jury Instruction No. 28 (the instruction that spoke to the damages recoverable by Zapata _if_ the jury found a breach of contract on Lenell's part) read in relevant part:

> Unless you find that the parties agreed otherwise, either expressly or through a course of conduct, Zapata is also entitled to recover interest on the amounts past due. If interest is recoverable, the rate of interest is that rate, if any, to which the parties agreed. If you find that no rate was agreed to by the parties, then the rate is that which you determine to be reasonable.

And on the subject of the parties' "course of conduct," Jury Instruction No. 25 read in relevant part:

> If you find that one or more contracts were formed between Zapata and Lenell, the terms of those contracts will be those that you find that Zapata and Lenell agreed upon. The terms also include any that you find, through the parties' course of dealings have become part of the common understanding between the parties.
>
> The terms of each contract also include any changes or modifications to such contract or contracts that you find the parties later agreed to.

over $355,000 interest award was "reasonable" even for the
smaller principal amount that Lenell owed it (just under
$858,000, rather than something over $934,000), but this Court
finds that contention to be overly speculative and hence
unpersuasive.

On the other side of the coin, Lenell did not submit any
alternative interest calculations for consideration by the jury
either. Instead, apart from its basic argument for a _zero_ award
that would wholly reject any interest obligation on its part, it
simply asked this Court to take judicial notice of the Illinois
statutory 5% per annum prejudgment interest rate and of the
United States Treasury bill rate, which it pegged at 3.78% per
annum.

To have presented such rates to the jury, unanchored in
anything in the evidence that would bear on the issue of
reasonableness (evidence that Lenell conspicuously failed to
tender), would have been a distortion--among other reasons,
because it really approached the height of irony for Lenell to
urge its basic position that there was _no_ liquidated principal
amount that it owed to Zapata, while at the same time it sought
the application of an Illinois statutory rate that covers only
liquidated obligations or situations where a debtor has engaged
in unreasonable and vexatious delay (also a notion sharply

disputed by Lenell).[7]  As for the Treasury bill rate, it is of

course absurd for Lenell to say that the interest rate paid by

the United States government on its risk-free obligations (and,

indeed, the government rate that prevails at a time of

extraordinarily low interest rates, in comparison to the total

time period during which Lenell's obligations have been

outstanding) bears any resemblance to a reasonable commercial

rate as between a business seller and its business customer.

In short, the limited respect in which the jury went astray

on the interest issue is clear as well as limited:  It obviously

found Zapata's evidence to be persuasive both as to Lenell's

obligation to pay interest and as to the applicability of the

interest rate specified in Zapata's invoices, but its error in

applying those findings to specify the amount to be awarded to

Zapata stemmed from the latter's failure to provide it with

alternative figures if the jury did not credit Zapata's claims on

all of the disputed invoices.[8]  Because Lenell in turn did not

_____

[7]  In both of those respects, Lenell's misguided reliance
rested on 815 ILCS 205/2.  Moreover, with the parties'
relationship admittedly being governed by the Convention, and
with Lenell's payment being due to Zapata in Mexico, Lenell has
totally failed to explain how or why Illinois' local law
provisions have any applicability at all.

[8]  In a way that omission may be understandable, though not
necessarily excusable, as an ultimate matter.  As the attached
original interest calculation (Ex. 2) and revised interest
calculation (Ex. 3) show, under Zapata's position the proper
interest calculation is one that--as the invoices reflect--is the
sum of a host of individual items.  Eight of those invoices were

present or properly proffer evidence of a reasonable interest calculation other than its all-or-nothing approach, it cannot fairly complain of this Court's decision calling for a remittitur to reflect the application of Zapata's specified interest rate to the $857,796.90 judgment in its favor as a matter of law covering the undisputed cookie tin delivery and usage by Lenell.

Zapata has submitted the attached Ex. 3 as its revised interest calculation in that respect, amounting to $319,893.30. Lenell has not submitted any basis for challenging that calculation,[9] and this Court approves it.

Accordingly a remittitur of $35,667.61 from the jury verdict as to that item is ordered (Zapata having consented to such a remittitur to avert a new trial as to that facet of the case--a

---

involved in the disputed Zapata claims that went to the jury. If Zapata had been prescient enough to provide the staggeringly large number of alternative interest figures needed to represent each of the permutations and combinations under which the jury might find in Zapata's favor on one or more of the disputed items and in Lenell's favor on the other or others (as a theoretical matter, there were 256 different ways in which the jury could have resolved the eight disputed items), that degree of prescience would have included among those variants one that assumed Zapata's loss on all of those disputed items, so that the jury would have had an interest number before it that jibed with its actual resolution of the disputed claims. But imagine the complexity of such a requirement--and of its explanation to, and its management by, the jury. It is of course true that Zapata could have tendered just two numbers (one that assumed its total victory and the other that assumed its total defeat on the disputed items), but that would really have required a crystal ball--and it is impossible to fault anyone for having failed to forecast the precise way in which the jury came out.

[9]  See Appendix.

11

limited trial that would have involved neither Zapata's entitlement to interest nor the interest rate obviously adopted by the jury, as to both of which the jury's determination must be respected). And in addition to that remittitur, the earlier-discussed further reduction of $4,848 in Zapata's net verdict (to which Zapata has agreed) must be made to reflect the error in that regard on Lenell's counterclaim.

As to Lenell's other basketful of objections, this Court has reviewed each of them, and it finds none of them--either individually or collectively--calls for either judgment as a matter of law (really an understatement) or for a new trial. In substantial part, Lenell's counsel points to matters that are either unsupported as a legitimate basis for complaint or, if there were any room for question, were not made the subject of objections in an effective way during the trial so as to permit them to be addressed contemporaneously. As for this Court's evidentiary rulings, in each instance it stated its position in response to any stated objections at the trial, and it stands by those rulings. All in all, the presentation by Lenell's counsel is the prototype of the sore loser's petition, seeking to make up for its counsel's own unpersuasiveness before the jury by trying to place the onus of its failure on the court's doorstep.

Exhibiting the same quality of professionalism that has marked all of their written submissions during the course of this

litigation, Zapata's counsel have responded to Lenell's motion with a persuasive memorandum. They have submitted solidly grounded chapter and verse as to the flaws in Lenell's numerous disgruntled arguments, coupled with equally solid responses to those contentions. Those responses are right on the mark, and no further elaboration is required here.

## Conclusion

Lenell's alternative Rule 50 and Rule 59 motions are without merit and are denied, except for granting a limited judgment as a matter of law in the sum of $4,848 on a portion of Lenell's counterclaim. In addition to that reduction in Zapata's verdict, this Court orders a remittitur of $35,667.61 because of what it finds to be the excess interest amount included in the jury's verdict.

With Zapata having agreed to both aspects of that adjustment, thereby avoiding (as indicated earlier) any need to retry a segment of the interest issue, that then calls for a net verdict in favor of Zapata and against Lenell of $315,045.30 rather than $355,560.91 as of the June 19 date when the jury rendered its verdict. To that figure must be added the sum of $857,796.90 awarded by this Court as a matter of law as to the tins admittedly delivered and used by Lenell.[10] Those items thus

---

[10] Lenell does assert one quarrel on that score, that relating to the so-called "Patriot Express" tins. But Lenell is foreclosed from any such argument by its own stipulation (indeed,

13

called for a revised judgment in favor of Zapata and against Lenell in the sum of $1,172,842.20 as of June 19, 2001.

Only one further adjustment is called for, to take account of the passage of time between the June 19 verdict date and the entry of final judgment as called for here. Neither party can be held to be at fault in that respect, and so this Court has advised the parties orally that the fair treatment of Zapata's loss of the use of the ultimate judgment amount during the intervening one-month period calls for treating that amount as having been the actual verdict as of June 19, with an amount equivalent to post-judgment interest to cover the gap between June 19 and the actual final judgment date of July 19.

Since December 21, 2000 (the date of enactment of Public Law 106-554), post-judgment interest on federal judgments must be calculated from the date of entry of judgment at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of judgment (28 U.S.C. §1961(a)). On the presumptive judgment date of June 19 that interest rate was 3.59% per annum, so that the interest figure for the one-month period between that date and the actual July 19 judgment date that will result from this opinion amounts to

a stipulation buttressed by testimony not only from Zapata's Michael Gibson but also from Lenell's own witness Ken Hanrath).

14

$3,508.75.  Accordingly judgment is hereby ordered to be entered effective July 19, 2001 in favor of Zapata and against Lenell in the total sum of $1,176,350.95.

Milton I. Shadur
Senior United States District Judge

Date:  July 18, 2001

As of this writing Lenell's counsel has most likely had the invoice-by-invoice tabulation containing Zapata's revised interest calculations in hand for a week (since July 11, the date when the original Zapata response to Lenell's post-trial motion was court-filed, when a copy was delivered to this Court's chambers and when the proof of service by Zapata's counsel also reported delivery to Lenell's counsel). But Lenell's counsel has not yet complied with the repeated requests and reminders from this Court's staff that it was necessary to apprise this Court and opposing counsel of its concurrence, or of any areas of disagreement, not later than July 17.[1]

Initially Lenell's counsel claimed not to have received the table containing the revised calculations--a claim that strains credulity somewhat, in light of the fact that both Zapata's original memorandum and this Court's chambers counterpart contained the tabbed exhibits (the revised version of the figures was Zapata Mem. Ex. B) that were stapled firmly together to the memorandum itself, a fact that is coupled with the obvious improbability that the personnel in the office of Zapata's

---

[1]  That date was selected so as to facilitate the calculation of the judgment amount and in order to avoid further delay, with this Court having looked to the anticipated entry of final judgment (including the Rule-58-required separate document) on July 19, the one-month "anniversary" of the jury's June 19 verdict.  That anticipated timetable has been met by the issuance of this July 18 memorandum opinion and judgment order, with the final judgment itself being entered tomorrow, July 19.

counsel had engaged in such a haphazard assemblage process that would combine only some, but not all, counterparts of the responsive memorandum with the attached and tabbed exhibits. Despite any questions that thus existed as to that assertion of original nondelivery, another copy of the tabulation was swiftly faxed and then delivered to Lenell's counsel, but the required "confirm or deny" response has still not been forthcoming.

As of yesterday afternoon Lenell's counsel advised that their accountant had been unable to verify the figures, but that a second accountant was now about to undertake the task. But no one has expected Lenell's people to engage in a labored item-by-item recalculation of figures that were so obviously the product of a computer program. After all, Zapata's people have always been available to explain the methodology and the calculations if Lenell had sought such assistance. Under the circumstances, this Court accepts Zapata's figures, which certainly appear to be accurate in facial terms.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ZAPATA HERMANOS SUCESORES,<br>S.A., a Mexican corporation, | )<br>)<br>) |
| *Plaintiff/Counter-Defendant,*<br>v. | )<br>)<br>)    No. 99 C 4040<br>)    Judge Milton I. Shadur |
| | ) |
| HEARTHSIDE BAKING CO., INC., d/b/a<br>MAURICE LENELL COOKY COMPANY, | )<br>) |
| | ) |
| *Defendant/Counter-Defendant.* | ) |

### VERDICT FORM

We the jury find as follows:

1.     On Zapata's Complaint, for:    ☐   Zapata Hermanos Sucesores, S.A.

                                            ☒   Hearthside Baking Co., Inc. d/b/a Maurice
                                                 Lenell Cooky Company.

If for Zapata, Zapata is awarded $_____*0*_____ in damages.

Does the jury find that Zapata is entitled to interest?

                     ☒ Yes       ☐ No

If yes, Zapata is further awarded $ _*355,580.91*_ in interest.*

       *If you answered "no," then enter $0.

2.     On Lenell's Counterclaim, for:    ☐   Hearthside Baking Co., Inc. d/b/a Maurice
                                                     Lenell Cooky Company.

                                            ☒   Zapata Hermanos Sucesores, S.A.

If for Lenell, Lenell is awarded $_____*0*_____ in damages.

If for Lenell, does the jury find that Lenell is entitled to interest?

                     ☐ Yes       ☒ No

If yes, Lenell is further awarded $_____*0*_____ in interest.*

       *If you answered "no," then enter $0.

Dated: June 19, 2001.

Juror: _Frank Jezrauski_          Juror: _Lynn Weingardt_
                                         Foreperson

Juror: _Mari Murff_               Juror: _Norm Peterson_

Juror: _Frank Hayn_               Juror: _____

Juror: _Karen L. Setterstrom_     Juror: _____

**MAYER, BROWN & PLATT**

Zapata Hermanos Sucesores v. Maurice Lenell Cooky Co.

99 C 4040

(Interest computed at rate of 1% per month compounded through June 15, 2001)

| INVOICE NO. | INVOICE DATE | INVOICE DUE DATE | INVOICE AMOUNT $ | MONTHS THROUGH JUNE 15, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 12, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 13, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 14, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 15, 2001 | COMPOUND INTEREST $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 129086 | 01/10/1996 | 03/10/1996 | 5,858.63 | 63.04 | 5,120.77 | 63.08 | 5,124.41 | 63.11 | 5,128.06 | 63.14 | 5,131.71 | 63.18 | 5,135.35 |
| 134150 | 03/20/1997 | 05/20/1997 | 5,443.20 | 48.72 | 3,396.70 | 48.75 | 3,398.63 | 48.79 | 3,401.56 | 48.82 | 3,404.50 | 48.85 | 3,407.43 |
| 135513 | 06/27/1997 | 08/27/1997 | 10,392.21 | 45.50 | 5,950.04 | 45.53 | 5,955.48 | 45.56 | 5,960.88 | 45.60 | 5,966.31 | 45.63 | 5,971.74 |
| 136172 | 08/13/1997 | 10/13/1997 | 13,665.76 | 43.95 | 7,506.73 | 43.98 | 7,513.75 | 44.01 | 7,520.78 | 44.05 | 7,527.81 | 44.08 | 7,534.85 |
| 136370 | 09/25/1997 | 11/25/1997 | 8,796.93 | 42.53 | 5,130.11 | 42.57 | 5,135.04 | 42.60 | 5,139.97 | 42.63 | 5,144.91 | 42.67 | 5,149.85 |
| 137214 | 10/15/1997 | 12/15/1997 | 11,781.40 | 41.88 | 6,080.88 | 41.92 | 6,086.79 | 41.95 | 6,092.71 | 41.98 | 6,098.64 | 42.02 | 6,104.56 |
| 137368 | 10/23/1997 | 12/23/1997 | 13,952.50 | 41.62 | 7,159.44 | 41.65 | 7,166.44 | 41.69 | 7,173.45 | 41.72 | 7,180.45 | 41.76 | 7,187.45 |
| 97254 | 01/07/1998 | 03/07/1998 | 11,059.52 | 39.14 | 5,558.91 | 39.17 | 5,562.62 | 39.21 | 5,568.34 | 39.24 | 5,574.06 | 39.27 | 5,579.76 |
| 98257 | 01/18/1998 | 03/19/1998 | 2,260.96 | 38.75 | 1,073.23 | 38.79 | 1,074.34 | 38.82 | 1,075.43 | 38.85 | 1,076.57 | 38.89 | 1,077.68 |
| 98296 | 03/16/1998 | 05/16/1998 | 4,353.12 | 36.85 | 1,926.12 | 36.88 | 1,930.21 | 36.92 | 1,932.29 | 36.95 | 1,934.38 | 36.98 | 1,936.46 |
| 139978 | 04/01/1998 | 06/01/1998 | 10,221.80 | 36.33 | 4,451.62 | 36.37 | 4,456.69 | 36.40 | 4,461.56 | 36.43 | 4,466.43 | 36.47 | 4,471.30 |
| 140020 | 04/07/1998 | 06/07/1998 | 16,958.80 | 36.13 | 7,341.66 | 36.17 | 7,349.93 | 36.20 | 7,357.98 | 36.23 | 7,366.06 | 36.27 | 7,374.14 |
| 140113 | 04/17/1998 | 06/17/1998 | 7,613.30 | 35.80 | 3,257.92 | 35.83 | 3,261.52 | 35.87 | 3,265.13 | 35.90 | 3,268.74 | 35.93 | 3,272.35 |
| 140115 | 04/17/1998 | 06/17/1998 | 6,237.00 | 35.80 | 2,669.96 | 35.83 | 2,671.92 | 35.87 | 2,674.87 | 35.90 | 2,677.83 | 35.93 | 2,680.79 |
| 98308 | 04/22/1998 | 06/22/1998 | 5,993.80 | 35.63 | 2,550.71 | 35.67 | 2,553.58 | 35.70 | 2,556.38 | 35.73 | 2,559.22 | 35.77 | 2,562.05 |
| 140237 | 04/29/1998 | 06/29/1998 | 14,352.70 | 35.40 | 6,060.47 | 35.43 | 6,067.24 | 35.47 | 6,074.02 | 35.50 | 6,080.79 | 35.53 | 6,087.57 |
| 140238 | 04/29/1998 | 06/29/1998 | 623.70 | 35.40 | 263.36 | 35.43 | 263.65 | 35.47 | 263.95 | 35.50 | 264.24 | 35.53 | 264.54 |
| 140278 | 05/12/1998 | 07/12/1998 | 12,838.90 | 34.98 | 5,386.86 | 35.01 | 5,392.73 | 35.05 | 5,398.82 | 35.08 | 5,404.90 | 35.11 | 5,410.98 |
| 140379 | 05/12/1998 | 07/12/1998 | 4,029.90 | 34.98 | 1,677.71 | 35.01 | 1,679.60 | 35.05 | 1,681.49 | 35.08 | 1,683.39 | 35.11 | 1,685.25 |
| 98313 | 05/12/1998 | 07/12/1998 | 8,850.40 | 34.98 | 3,684.55 | 35.01 | 3,688.71 | 35.05 | 3,692.87 | 35.08 | 3,697.03 | 35.11 | 3,701.19 |
| 140407 | 05/14/1998 | 07/14/1998 | 9,484.40 | 34.92 | 3,939.88 | 34.95 | 3,944.53 | 34.98 | 3,948.76 | 35.02 | 3,953.24 | 35.05 | 3,957.70 |
| 140408 | 05/14/1998 | 07/14/1998 | 7,484.40 | 34.92 | 3,108.06 | 34.95 | 3,112.56 | 34.98 | 3,116.09 | 35.02 | 3,119.61 | 35.05 | 3,123.13 |
| 140575 | 05/27/1998 | 07/27/1998 | 5,613.30 | 34.50 | 2,298.71 | 34.53 | 2,301.34 | 34.56 | 2,303.96 | 34.60 | 2,306.59 | 34.63 | 2,309.22 |
| 140576 | 05/27/1998 | 07/27/1998 | 3,866.00 | 34.50 | 1,582.16 | 34.53 | 1,584.00 | 34.56 | 1,585.82 | 34.60 | 1,587.64 | 34.63 | 1,589.46 |
| 140577 | 05/27/1998 | 07/27/1998 | 8,237.00 | 34.50 | 3,373.15 | 34.53 | 3,377.00 | 34.56 | 3,380.86 | 34.60 | 3,384.71 | 34.63 | 3,388.56 |
| 98318 | 06/04/1998 | 08/04/1998 | 1,520.64 | 34.24 | 617.22 | 34.27 | 617.93 | 34.30 | 618.64 | 34.34 | 619.33 | 34.37 | 620.06 |
| 98323 | 07/10/1998 | 09/10/1998 | 2,011.50 | 33.03 | 782.78 | 33.07 | 783.70 | 33.10 | 784.63 | 33.13 | 785.56 | 33.17 | 786.49 |
| 98330 | 07/25/1998 | 09/26/1998 | 3,528.00 | 32.43 | 1,343.75 | 32.47 | 1,345.37 | 32.50 | 1,346.96 | 32.53 | 1,348.60 | 32.57 | 1,350.22 |
| 141387 | 08/10/1998 | 10/10/1998 | 8,553.60 | 32.04 | 3,212.25 | 32.08 | 3,216.16 | 32.11 | 3,220.06 | 32.14 | 3,223.97 | 32.18 | 3,227.87 |
| 141393 | 08/11/1998 | 10/11/1998 | 8,553.60 | 32.01 | 3,208.48 | 32.05 | 3,212.38 | 32.08 | 3,216.26 | 32.11 | 3,220.19 | 32.15 | 3,224.09 |
| 98339 | 08/11/1998 | 10/11/1998 | 6,862.40 | 32.01 | 2,574.10 | 32.05 | 2,577.23 | 32.08 | 2,580.37 | 32.11 | 2,583.50 | 32.15 | 2,586.63 |
| 41404 | 08/12/1998 | 10/12/1998 | 8,553.60 | 31.98 | 3,204.70 | 32.01 | 3,208.60 | 32.05 | 3,212.50 | 32.08 | 3,216.41 | 32.11 | 3,220.31 |
| 98338 | 08/14/1998 | 10/14/1998 | 12,200.84 | 31.92 | 4,560.42 | 31.95 | 4,565.93 | 31.98 | 4,571.54 | 32.02 | 4,577.10 | 32.05 | 4,582.67 |
| 41491 | 08/18/1998 | 10/19/1998 | 8,508.43 | 31.75 | 2,418.38 | 31.79 | 2,421.34 | 31.82 | 2,424.30 | 31.85 | 2,427.26 | 31.89 | 2,430.22 |
| 41482 | 05/19/1998 | 10/19/1998 | 8,106.10 | 31.75 | 3,012.78 | 31.79 | 3,016.45 | 31.82 | 3,020.15 | 31.85 | 3,023.85 | 31.89 | 3,027.54 |
| 41507 | 10/20/1998 | 12/20/1998 | 13,685.76 | 31.72 | 5,079.28 | 31.75 | 5,085.50 | 31.79 | 5,091.73 | 31.82 | 5,097.96 | 31.85 | 5,104.19 |
| 41509 | 08/20/1998 | 10/20/1998 | 8,106.10 | 31.72 | 3,009.21 | 31.75 | 3,012.89 | 31.79 | 3,016.58 | 31.82 | 3,020.27 | 31.85 | 3,023.97 |
| 41510 | 08/20/1998 | 10/20/1998 | 8,860.70 | 31.72 | 3,288.52 | 31.75 | 3,292.55 | 31.79 | 3,296.59 | 31.82 | 3,300.62 | 31.85 | 3,304.65 |
| 41537 | 08/24/1998 | 10/24/1998 | 13,685.76 | 31.59 | 5,055.20 | 31.63 | 5,061.42 | 31.66 | 5,067.63 | 31.69 | 5,073.86 | 31.73 | 5,080.09 |
| 41545 | 08/24/1998 | 10/24/1998 | 16,968.60 | 31.59 | 6,267.86 | 31.63 | 6,275.50 | 31.66 | 6,283.30 | 31.69 | 6,291.01 | 31.73 | 6,298.73 |
| 98344 | 08/25/1998 | 10/25/1998 | 6,402.90 | 31.56 | 2,362.37 | 31.59 | 2,365.17 | 31.63 | 2,368.08 | 31.66 | 2,370.99 | 31.69 | 2,373.90 |
| 98345 | 08/25/1998 | 10/25/1998 | 694.90 | 31.56 | 256.37 | 31.59 | 256.69 | 31.63 | 257.01 | 31.66 | 257.32 | 31.69 | 257.64 |
| 98346 | 08/25/1998 | 10/25/1998 | 1,858.50 | 31.56 | 685.67 | 31.59 | 686.51 | 31.63 | 687.36 | 31.66 | 688.20 | 31.69 | 689.05 |
| 98347 | 08/25/1998 | 10/25/1998 | 4,784.90 | 31.56 | 1,757.95 | 31.59 | 1,760.11 | 31.63 | 1,762.28 | 31.66 | 1,764.44 | 31.69 | 1,766.61 |
| 98348 | 08/25/1998 | 10/25/1998 | 598.50 | 31.56 | 220.81 | 31.59 | 221.08 | 31.63 | 221.35 | 31.66 | 221.62 | 31.69 | 221.90 |
| 41562 | 08/25/1998 | 10/25/1998 | 13,685.76 | 31.56 | 5,049.18 | 31.59 | 5,055.40 | 31.63 | 5,061.62 | 31.66 | 5,067.84 | 31.69 | 5,074.06 |
| 41582 | 08/26/1998 | 10/26/1998 | 13,685.76 | 31.53 | 5,043.17 | 31.56 | 5,049.60 | 31.59 | 5,055.00 | 31.63 | 5,061.82 | 31.66 | 5,068.04 |
| 41597 | 08/27/1998 | 10/27/1998 | 13,685.76 | 31.50 | 5,037.16 | 31.53 | 5,043.37 | 31.56 | 5,049.59 | 31.63 | 5,055.80 | 31.63 | 5,062.02 |
| 41655 | 09/01/1998 | 11/01/1998 | 13,685.76 | 31.33 | 5,006.94 | 31.37 | 5,013.14 | 31.40 | 5,019.34 | 31.43 | 5,025.55 | 31.47 | 5,031.75 |
| 98355 | 09/01/1998 | 11/01/1998 | 5,090.60 | 31.33 | 1,862.40 | 31.37 | 1,864.70 | 31.40 | 1,867.01 | 31.43 | 1,869.32 | 31.47 | 1,871.63 |
| 41694 | 09/03/1998 | 11/03/1998 | 13,685.76 | 31.27 | 4,994.54 | 31.30 | 5,000.74 | 31.33 | 5,006.94 | 31.37 | 5,013.14 | 31.40 | 5,019.34 |
| 41726 | 09/07/1998 | 11/07/1998 | 13,685.76 | 31.13 | 4,969.77 | 31.17 | 4,975.96 | 31.20 | 4,982.15 | 31.23 | 4,988.35 | 31.27 | 4,994.54 |
| 41729 | 09/07/1998 | 11/07/1998 | 13,685.76 | 31.13 | 4,969.77 | 31.17 | 4,975.96 | 31.20 | 4,982.15 | 31.23 | 4,988.35 | 31.27 | 4,994.54 |
| 41726 | 09/10/1998 | 11/10/1998 | 336.00 | 31.03 | 121.56 | 31.07 | 121.71 | 31.10 | 121.86 | 31.13 | 122.01 | 31.17 | 122.17 |
| 41806 | 09/11/1998 | 11/11/1998 | 16,958.80 | 31.00 | 6,131.29 | 31.03 | 6,138.96 | 31.07 | 6,146.62 | 31.10 | 6,154.29 | 31.13 | 6,161.95 |

EXHIBIT 2, page 1

## MAYER, BROWN & PLATT

Zapata Hermanos Sucesores v. Maurice Lenell Cooky Co.
99 C 4040
(Interest computed at rate of 1% per month compounded through June 15, 2001)

| INVOICE NO. | INVOICE DATE | INVOICE DUE DATE | INVOICE AMOUNT $ | MONTHS THROUGH JUNE 11, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 12, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 13, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 14, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 15, 2001 | COMPOUND INTEREST $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41638 | 09/17/1998 | 11/17/1998 | 16,968.80 | 30.80 | 8,085.37 | 30.83 | 8,093.02 | 30.87 | 8,100.67 | 30.90 | 8,108.32 | 30.93 | 8,115.97 |
| 41850 | 09/18/1998 | 11/18/1998 | 7,934.95 | 30.77 | 2,842.03 | 30.80 | 2,845.60 | 30.83 | 2,849.18 | 30.87 | 2,852.76 | 30.90 | 2,856.34 |
| 41851 | 09/18/1998 | 11/18/1998 | 6,272.64 | 30.77 | 2,246.67 | 30.80 | 2,249.50 | 30.83 | 2,252.33 | 30.87 | 2,255.16 | 30.90 | 2,257.98 |
| 98352 | 09/20/1998 | 11/20/1998 | 2,106.05 | 30.70 | 752.43 | 30.73 | 753.38 | 30.77 | 754.32 | 30.80 | 755.27 | 30.83 | 756.22 |
| 41674 | 09/21/1998 | 11/21/1998 | 5,702.40 | 30.67 | 2,034.73 | 30.70 | 2,037.30 | 30.73 | 2,039.86 | 30.77 | 2,042.43 | 30.80 | 2,045.00 |
| 41677 | 09/21/1998 | 11/21/1998 | 13,685.76 | 30.67 | 4,883.35 | 30.70 | 4,889.51 | 30.73 | 4,895.67 | 30.77 | 4,901.83 | 30.80 | 4,908.00 |
| 41678 | 09/21/1998 | 11/21/1998 | 7,925.15 | 30.67 | 2,827.85 | 30.70 | 2,831.42 | 30.73 | 2,834.98 | 30.77 | 2,838.55 | 30.80 | 2,842.12 |
| 41679 | 09/21/1998 | 11/21/1998 | 9,043.55 | 30.67 | 3,226.95 | 30.70 | 3,231.02 | 30.73 | 3,235.09 | 30.77 | 3,239.17 | 30.80 | 3,243.24 |
| 41681 | 09/22/1998 | 11/22/1998 | 13,685.76 | 30.63 | 4,877.19 | 30.67 | 4,883.35 | 30.70 | 4,889.51 | 30.73 | 4,895.67 | 30.77 | 4,901.83 |
| 41890 | 09/22/1998 | 11/22/1998 | 13,538.20 | 30.63 | 4,823.89 | 30.67 | 4,829.98 | 30.70 | 4,836.08 | 30.73 | 4,842.17 | 30.77 | 4,848.27 |
| 41899 | 09/23/1998 | 11/23/1998 | 6,842.88 | 30.60 | 2,435.52 | 30.63 | 2,438.60 | 30.67 | 2,441.67 | 30.70 | 2,444.75 | 30.73 | 2,447.84 |
| 41900 | 09/23/1998 | 11/23/1998 | 5,758.10 | 30.60 | 2,052.98 | 30.63 | 2,055.56 | 30.67 | 2,058.17 | 30.70 | 2,060.77 | 30.73 | 2,063.36 |
| 41923 | 09/24/1998 | 11/24/1998 | 5,758.10 | 30.57 | 2,050.39 | 30.60 | 2,052.98 | 30.63 | 2,055.58 | 30.67 | 2,058.17 | 30.70 | 2,060.77 |
| 41924 | 09/24/1998 | 11/24/1998 | 5,439.80 | 30.57 | 1,933.69 | 30.60 | 1,936.13 | 30.63 | 1,938.58 | 30.67 | 1,941.03 | 30.70 | 1,943.48 |
| 41943 | 09/25/1998 | 11/25/1998 | 16,968.80 | 30.53 | 6,024.28 | 30.57 | 6,031.90 | 30.60 | 6,039.53 | 30.63 | 6,047.17 | 30.67 | 6,054.80 |
| 41944 | 09/25/1998 | 11/25/1998 | 8,211.80 | 30.53 | 2,915.36 | 30.57 | 2,919.05 | 30.60 | 2,922.74 | 30.63 | 2,926.44 | 30.67 | 2,930.13 |
| 41960 | 09/28/1998 | 11/28/1998 | 13,685.76 | 30.43 | 4,840.29 | 30.47 | 4,846.43 | 30.50 | 4,852.58 | 30.53 | 4,858.73 | 30.57 | 4,864.88 |
| 41983 | 09/28/1998 | 11/28/1998 | 7,768.10 | 30.43 | 2,747.37 | 30.47 | 2,750.86 | 30.50 | 2,754.35 | 30.53 | 2,757.84 | 30.57 | 2,761.33 |
| 41984 | 09/28/1998 | 11/28/1998 | 3,439.80 | 30.43 | 1,216.56 | 30.47 | 1,218.11 | 30.50 | 1,219.65 | 30.53 | 1,221.20 | 30.57 | 1,222.75 |
| 41986 | 09/28/1998 | 11/28/1998 | 16,674.26 | 30.43 | 5,897.24 | 30.47 | 5,904.73 | 30.50 | 5,912.22 | 30.53 | 5,919.72 | 30.57 | 5,927.21 |
| 41977 | 09/29/1998 | 11/29/1998 | 7,768.10 | 30.40 | 2,743.88 | 30.43 | 2,747.37 | 30.47 | 2,750.86 | 30.50 | 2,754.35 | 30.53 | 2,757.84 |
| 41978 | 09/29/1998 | 11/29/1998 | 3,439.80 | 30.40 | 1,215.02 | 30.43 | 1,216.56 | 30.47 | 1,218.11 | 30.50 | 1,219.65 | 30.53 | 1,221.20 |
| 42029 | 10/01/1998 | 12/01/1998 | 13,586.80 | 30.33 | 4,786.19 | 30.37 | 4,786.23 | 30.40 | 4,792.32 | 30.43 | 4,798.41 | 30.47 | 4,804.50 |
| 42032 | 10/01/1998 | 12/01/1998 | 4,365.90 | 30.33 | 1,538.29 | 30.37 | 1,540.25 | 30.40 | 1,542.20 | 30.43 | 1,544.18 | 30.47 | 1,546.13 |
| 42034 | 10/01/1998 | 12/01/1998 | 8,879.00 | 30.33 | 3,128.65 | 30.37 | 3,132.53 | 30.40 | 3,136.62 | 30.43 | 3,140.60 | 30.47 | 3,144.50 |
| 41833 | 10/01/1998 | 12/01/1998 | 13,685.76 | 30.33 | 4,822.06 | 30.37 | 4,828.30 | 30.40 | 4,834.34 | 30.43 | 4,840.48 | 30.47 | 4,846.63 |
| 42043 | 10/02/1998 | 12/02/1998 | 6,065.20 | 30.30 | 2,134.39 | 30.34 | 2,137.11 | 30.37 | 2,139.83 | 30.40 | 2,142.55 | 30.44 | 2,145.27 |
| 42044 | 10/02/1998 | 12/02/1998 | 3,421.44 | 30.30 | 1,204.03 | 30.34 | 1,205.56 | 30.37 | 1,207.10 | 30.40 | 1,208.63 | 30.44 | 1,210.17 |
| 42048 | 10/02/1998 | 12/02/1998 | 1,421.44 | 30.30 | 500.22 | 30.34 | 500.85 | 30.37 | 501.49 | 30.40 | 502.13 | 30.44 | 502.77 |
| 42052 | 10/02/1998 | 12/02/1998 | 9,430.30 | 30.30 | 3,318.50 | 30.34 | 3,322.82 | 30.37 | 3,327.05 | 30.40 | 3,331.28 | 30.44 | 3,335.52 |
| 42081 | 10/06/1998 | 12/06/1998 | 13,685.76 | 30.17 | 4,792.38 | 30.21 | 4,798.51 | 30.24 | 4,804.64 | 30.27 | 4,810.76 | 30.31 | 4,816.91 |
| 42148 | 10/09/1998 | 12/09/1998 | 6,385.90 | 30.08 | 2,220.89 | 30.11 | 2,223.74 | 30.14 | 2,226.59 | 30.18 | 2,229.44 | 30.21 | 2,232.29 |
| 42143 | 10/09/1998 | 12/09/1998 | 13,092.50 | 30.08 | 4,567.62 | 30.11 | 4,573.49 | 30.14 | 4,579.34 | 30.18 | 4,585.20 | 30.21 | 4,591.07 |
| 98360 | 10/09/1998 | 12/09/1998 | 0.00 | 30.08 | 0.00 | 30.11 | 0.00 | 30.14 |  | 30.18 |  | 30.21 |  |
| 42221 | 10/14/1998 | 12/14/1998 | 11,404.80 | 29.92 | 3,954.15 | 29.95 | 3,959.25 | 29.98 | 3,964.35 | 30.02 | 3,969.45 | 30.05 | 3,974.55 |
| 98354 | 10/15/1998 | 12/15/1998 | 444.00 | 29.88 | 153.75 | 29.92 | 153.95 | 29.95 | 154.14 | 29.98 | 154.34 | 30.02 | 154.54 |
| 98355 | 10/15/1998 | 12/15/1998 | 4,552.00 | 29.88 | 1,576.26 | 29.92 | 1,578.29 | 29.95 | 1,580.32 | 29.98 | 1,582.36 | 30.02 | 1,584.39 |
| 42516 | 10/20/1998 | 12/20/1998 | 11,750.52 | 29.72 | 4,046.67 | 29.76 | 4,051.92 | 29.79 | 4,057.18 | 29.82 | 4,062.41 | 29.85 | 4,067.66 |
| 42378 | 10/23/1998 | 12/23/1998 | 5,439.80 | 29.62 | 1,864.90 | 29.66 | 1,867.32 | 29.69 | 1,869.75 | 29.72 | 1,872.17 | 29.76 | 1,874.60 |
| 42380 | 10/23/1998 | 12/23/1998 | 2,848.40 | 29.62 | 1,610.79 | 29.66 | 1,612.10 | 29.69 | 1,613.41 | 29.72 | 1,614.73 | 29.76 | 1,616.04 |
| 42388 | 10/23/1998 | 12/23/1998 | 12,584.01 | 29.62 | 4,314.12 | 29.66 | 4,319.72 | 29.69 | 4,325.33 | 29.72 | 4,330.94 | 29.76 | 4,336.55 |
| 98369 | 10/29/1998 | 12/29/1998 | 2,908.08 | 29.43 | 989.45 | 29.46 | 990.74 | 29.50 | 992.04 | 29.53 | 993.35 | 29.56 | 994.67 |
| 42416 | 10/30/1998 | 12/30/1998 | 17,212.93 | 29.40 | 5,849.15 | 29.43 | 5,856.30 | 29.47 | 5,864.46 | 29.50 | 5,872.11 | 29.53 | 5,879.77 |
| 12416 | 10/30/1998 | 12/30/1998 | 250.56 | 29.40 | 85.14 | 29.43 | 85.25 | 29.47 | 85.37 | 29.50 | 85.48 | 29.53 | 85.59 |
| 54 | 10/30/1998 | 12/30/1998 | 6,682.50 | 29.40 | 2,270.79 | 29.43 | 2,273.76 | 29.47 | 2,276.73 | 29.50 | 2,279.70 | 29.53 | 2,282.68 |
| 55 | 10/30/1998 | 12/30/1998 | 3,382.56 | 29.40 | 1,149.43 | 29.43 | 1,150.94 | 29.47 | 1,152.44 | 29.50 | 1,153.94 | 29.53 | 1,155.45 |
| 98375 | 11/10/1998 | 01/10/1999 | 6,632.80 | 29.04 | 2,229.28 | 29.08 | 2,232.23 | 29.11 | 2,235.18 | 29.14 | 2,238.13 | 29.18 | 2,241.07 |
| 98370 | 11/12/1998 | 01/12/1999 | 4,387.74 | 28.98 | 1,466.53 | 29.01 | 1,468.47 | 29.05 | 1,470.41 | 29.08 | 1,472.33 | 29.11 | 1,474.30 |
| 98377 | 11/12/1998 | 01/12/1999 | 1,955.65 | 28.98 | 656.97 | 29.01 | 657.84 | 29.05 | 658.71 | 29.08 | 659.58 | 29.11 | 660.45 |
| 98378 | 11/18/1998 | 01/18/1999 | 1,226.50 | 28.86 | 409.03 | 28.92 | 409.57 | 28.95 | 410.11 | 28.98 | 410.66 | 29.02 | 411.20 |
| 98371 | 12/03/1998 | 02/01/1999 | 2,378.00 | 28.33 | 773.74 | 28.36 | 774.79 | 28.40 | 775.83 | 28.43 | 776.88 | 28.46 | 777.92 |
| 98372 | 12/03/1998 | 02/02/1999 | 1,404.00 | 28.30 | 456.55 | 28.33 | 457.17 | 28.36 | 457.78 | 28.40 | 458.40 | 28.43 | 459.02 |
| 696 | 12/09/1998 | 02/09/1999 | 13,685.76 | 28.05 | 4,405.25 | 28.08 | 4,411.25 | 28.11 | 4,417.26 | 28.15 | 4,423.26 | 28.18 | 4,429.27 |
| 98385 | 12/14/1998 | 02/14/1999 | 1,474.20 | 27.87 | 471.06 | 27.90 | 471.71 | 27.93 | 472.36 | 27.97 | 473.00 | 28.00 | 473.65 |
| 98373 | 12/04/1998 | 02/04/1999 | 12,849.66 | 28.22 | 4,166.33 | 28.26 | 4,171.96 | 28.29 | 4,177.62 | 28.32 | 4,183.27 | 28.36 | 4,188.92 |
| 2899 | 05/20/1999 | 07/20/1999 | 44,182.58 | 22.72 | 11,208.42 | 22.75 | 11,226.79 | 22.79 | 11,245.17 | 22.82 | 11,263.56 | 22.85 | 11,281.95 |
| **Totals** | | | **$934,300.09** | | **$353,850.77** | | **$354,278.09** | | **$354,705.56** | | **$355,133.16** | | **$355,560.91** |

Exhibit 2, page 2

**MAYER, BROWN & PLATT**
Zapata Hermanos Sucesores v. Maurice Lenel Cooky Co.
99 C 4040
(Interest computed at rate of 1% per month compounded through June 19, 2001)

| INVOICE NO. | INVOICE DATE | INVOICE DUE DATE | INVOICE AMOUNT $ | MONTHS THROUGH JUNE 11, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 12, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 13, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 14, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 15, 2001 | COMPOUND INTEREST $ | MONTHS THROUGH JUNE 19, 2001 | COMPOUND INTEREST $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 128086 | 01/10/1996 | 03/10/1996 | | 63.04 | 0.00 | 63.08 | . | 63.11 | . | 63.14 | . | 63.18 | . | 63.31 | . |
| 134150 | 03/20/1997 | 05/20/1997 | 5,443.70 | 48.72 | 3,395.70 | 48.75 | 3,398.63 | 48.79 | 3,401.56 | 48.82 | 3,404.50 | 48.85 | 3,407.43 | 48.99 | 3,419.18 |
| 135613 | 06/27/1997 | 08/27/1997 | 0.00 | 45.50 | 0.00 | 45.53 | . | 45.56 | . | 45.60 | . | 45.63 | . | 45.76 | . |
| 136172 | 08/13/1997 | 10/13/1997 | 0.00 | 43.95 | 0.00 | 43.98 | . | 44.01 | . | 44.05 | . | 44.08 | . | 44.21 | . |
| 136970 | 09/25/1997 | 11/25/1997 | 0.00 | 42.53 | 0.00 | 42.57 | . | 42.60 | . | 42.63 | . | 42.67 | . | 42.80 | . |
| 137214 | 10/15/1997 | 12/15/1997 | 11,761.40 | 41.95 | 6,080.98 | 41.92 | 6,086.79 | 41.95 | 6,092.71 | 41.98 | 6,096.64 | 42.02 | 6,104.56 | 42.15 | 6,128.29 |
| 137368 | 10/23/1997 | 12/23/1997 | 13,052.50 | 41.62 | 7,150.44 | 41.66 | 7,166.44 | 41.69 | 7,173.45 | 41.72 | 7,180.45 | 41.76 | 7,187.46 | 41.89 | 7,215.53 |
| 97254 | 01/07/1998 | 03/07/1998 | 11,699.52 | 39.14 | 5,556.91 | 39.17 | 5,562.62 | 39.21 | 5,568.34 | 39.24 | 5,574.06 | 39.27 | 5,579.78 | 39.41 | 5,602.68 |
| 98297 | 01/19/1998 | 03/19/1998 | 0.00 | 38.75 | 0.00 | 38.79 | . | 38.82 | . | 38.85 | . | 38.89 | . | 39.02 | . |
| 98298 | 03/16/1998 | 05/16/1998 | 4,353.12 | 36.85 | 1,928.12 | 36.68 | 1,930.21 | 36.92 | 1,932.29 | 36.95 | 1,934.38 | 36.98 | 1,936.45 | 37.12 | 1,944.81 |
| 139078 | 04/01/1998 | 06/01/1998 | 10,221.80 | 36.33 | 4,451.82 | 36.37 | 4,456.80 | 36.40 | 4,461.56 | 36.43 | 4,466.43 | 36.47 | 4,471.30 | 36.60 | 4,490.81 |
| 140020 | 04/07/1998 | 06/07/1998 | 16,958.80 | 36.13 | 7,341.86 | 36.17 | 7,349.93 | 36.20 | 7,357.99 | 36.23 | 7,366.06 | 36.27 | 7,374.14 | 36.40 | 7,406.43 |
| 140113 | 04/17/1998 | 06/17/1998 | 7,613.30 | 35.80 | 3,257.92 | 35.83 | 3,261.52 | 35.87 | 3,265.13 | 35.90 | 3,268.74 | 35.93 | 3,272.35 | 36.07 | 3,286.60 |
| 140115 | 04/17/1998 | 06/17/1998 | 6,237.00 | 35.80 | 2,668.96 | 35.83 | 2,671.92 | 35.87 | 2,674.87 | 35.90 | 2,677.83 | 35.93 | 2,680.79 | 36.07 | 2,692.63 |
| 98308 | 04/22/1998 | 06/22/1998 | 5,993.80 | 35.63 | 2,550.71 | 35.67 | 2,553.55 | 35.70 | 2,556.38 | 35.73 | 2,559.22 | 35.77 | 2,562.05 | 35.90 | 2,573.41 |
| 140237 | 04/29/1998 | 06/29/1998 | 14,352.73 | 35.40 | 6,060.47 | 35.43 | 6,067.24 | 35.47 | 6,074.02 | 35.50 | 6,080.79 | 35.53 | 6,087.57 | 35.67 | 6,114.71 |
| 140238 | 04/29/1998 | 06/29/1998 | 623.70 | 35.40 | 263.36 | 35.43 | 263.65 | 35.47 | 263.95 | 35.50 | 264.24 | 35.53 | 264.54 | 35.67 | 265.72 |
| 140378 | 05/12/1998 | 07/12/1998 | 12,538.90 | 34.98 | 5,386.66 | 35.01 | 5,392.73 | 35.05 | 5,398.82 | 35.08 | 5,404.90 | 35.11 | 5,410.98 | 35.25 | 5,435.15 |
| 140379 | 05/12/1998 | 07/12/1998 | 4,029.90 | 34.98 | 1,677.71 | 35.01 | 1,679.80 | 35.05 | 1,681.49 | 35.08 | 1,683.39 | 35.11 | 1,685.25 | 35.25 | 1,692.87 |
| 98313 | 05/12/1998 | 07/12/1998 | 8,650.40 | 34.98 | 3,684.55 | 35.01 | 3,688.71 | 35.05 | 3,692.87 | 35.08 | 3,697.03 | 35.11 | 3,701.19 | 35.25 | 3,717.86 |
| 140407 | 05/14/1998 | 07/14/1998 | 9,484.40 | 34.92 | 3,939.68 | 34.95 | 3,944.33 | 34.98 | 3,948.78 | 35.02 | 3,953.24 | 35.05 | 3,957.70 | 35.18 | 3,975.54 |
| 140408 | 05/14/1998 | 07/14/1998 | 7,484.40 | 34.92 | 3,109.06 | 34.95 | 3,112.58 | 34.98 | 3,116.09 | 35.02 | 3,119.61 | 35.05 | 3,123.13 | 35.18 | 3,137.21 |
| 140575 | 05/27/1998 | 07/27/1998 | 5,613.30 | 34.50 | 2,298.71 | 34.53 | 2,301.34 | 34.56 | 2,303.96 | 34.60 | 2,306.59 | 34.63 | 2,309.22 | 34.76 | 2,319.74 |
| 140576 | 05/27/1998 | 07/27/1998 | 3,858.00 | 34.50 | 1,582.18 | 34.53 | 1,584.00 | 34.56 | 1,586.62 | 34.60 | 1,587.64 | 34.63 | 1,589.46 | 34.76 | 1,606.74 |
| 140577 | 05/27/1998 | 07/27/1998 | 8,237.00 | 34.50 | 3,373.15 | 34.53 | 3,377.00 | 34.56 | 3,380.86 | 34.80 | 3,384.71 | 34.83 | 3,388.56 | 34.76 | 3,404.00 |
| 98318 | 06/04/1998 | 08/04/1998 | 1,520.94 | 34.24 | 617.22 | 34.27 | 617.93 | 34.30 | 618.64 | 34.34 | 619.35 | 34.37 | 620.06 | 34.50 | 622.90 |
| 98323 | 07/10/1998 | 09/10/1998 | 2,011.50 | 33.03 | 782.78 | 33.07 | 783.70 | 33.10 | 784.63 | 33.13 | 785.56 | 33.17 | 786.49 | 33.30 | 790.20 |
| 98330 | 07/29/1998 | 09/29/1998 | 3,526.00 | 32.43 | 1,343.75 | 32.47 | 1,345.37 | 32.50 | 1,346.98 | 32.53 | 1,348.60 | 32.57 | 1,350.22 | 32.70 | 1,356.70 |
| 41387 | 08/10/1998 | 10/10/1998 | 8,197.20 | 32.04 | 3,078.41 | 32.08 | 3,082.15 | 32.11 | 3,085.89 | 32.14 | 3,089.63 | 32.18 | 3,093.38 | 32.31 | 3,108.37 |
| 41393 | 08/11/1998 | 10/11/1998 | 8,553.80 | 32.01 | 3,208.48 | 32.05 | 3,212.38 | 32.08 | 3,216.26 | 32.11 | 3,220.19 | 32.15 | 3,224.09 | 32.26 | 3,239.73 |
| 98329 | 08/11/1998 | 10/11/1998 | 6,862.40 | 32.01 | 2,574.10 | 32.05 | 2,577.23 | 32.08 | 2,580.37 | 32.11 | 2,583.50 | 32.15 | 2,586.63 | 32.28 | 2,599.18 |
| 41404 | 08/12/1998 | 10/12/1998 | 8,653.80 | 31.98 | 3,204.70 | 32.01 | 3,208.80 | 32.05 | 3,212.50 | 32.08 | 3,216.41 | 32.11 | 3,220.31 | 32.25 | 3,235.94 |
| 98338 | 08/14/1998 | 10/14/1998 | 9,639.24 | 31.92 | 3,592.95 | 31.96 | 3,597.34 | 31.98 | 3,611.73 | 32.02 | 3,616.13 | 32.05 | 3,620.53 | 32.18 | 3,638.13 |
| 41491 | 08/19/1998 | 10/19/1998 | 6,508.43 | 31.75 | 2,418.38 | 31.79 | 2,421.34 | 31.82 | 2,424.30 | 31.85 | 2,427.26 | 31.89 | 2,430.23 | 32.02 | 2,442.09 |
| 41492 | 08/19/1998 | 10/19/1998 | 5,745.60 | 31.75 | 2,134.93 | 31.79 | 2,137.54 | 31.82 | 2,140.16 | 31.85 | 2,142.77 | 31.89 | 2,145.39 | 32.02 | 2,155.87 |
| 41507 | 08/20/1998 | 10/20/1998 | 12,545.30 | 31.72 | 4,656.01 | 31.75 | 4,661.72 | 31.79 | 4,667.42 | 31.82 | 4,673.13 | 31.85 | 4,678.85 | 31.99 | 4,701.71 |
| 41509 | 08/20/1998 | 10/20/1998 | 8,108.10 | 31.72 | 3,009.21 | 31.75 | 3,012.89 | 31.79 | 3,016.58 | 31.82 | 3,020.27 | 31.85 | 3,023.97 | 31.99 | 3,038.74 |
| 41510 | 08/20/1998 | 10/20/1998 | 8,860.70 | 31.72 | 3,288.52 | 31.75 | 3,292.55 | 31.79 | 3,296.59 | 31.82 | 3,300.62 | 31.85 | 3,304.65 | 31.99 | 3,320.80 |
| 41537 | 08/24/1998 | 10/24/1998 | 13,685.76 | 31.59 | 5,055.20 | 31.63 | 5,061.42 | 31.66 | 5,067.63 | 31.69 | 5,073.85 | 31.73 | 5,080.05 | 31.86 | 5,104.90 |
| 41648 | 08/24/1998 | 10/24/1998 | 16,958.80 | 31.59 | 6,267.88 | 31.63 | 6,275.59 | 31.66 | 6,283.30 | 31.69 | 6,291.01 | 31.73 | 6,298.73 | 31.86 | 6,329.62 |
| 98344 | 08/25/1998 | 10/25/1998 | 6,402.90 | 31.56 | 2,362.27 | 31.59 | 2,365.17 | 31.63 | 2,368.08 | 31.66 | 2,370.99 | 31.69 | 2,373.90 | 31.83 | 2,385.56 |
| 98345 | 08/25/1998 | 10/25/1998 | 894.90 | 31.56 | 258.37 | 31.59 | 256.69 | 31.63 | 257.01 | 31.66 | 257.32 | 31.69 | 257.64 | 31.83 | 258.90 |
| 98346 | 08/25/1998 | 10/25/1998 | 1,858.50 | 31.56 | 685.67 | 31.59 | 686.51 | 31.63 | 687.36 | 31.66 | 688.20 | 31.69 | 689.05 | 31.83 | 692.43 |
| 98347 | 08/25/1998 | 10/25/1998 | 4,764.90 | 31.56 | 1,757.95 | 31.59 | 1,760.11 | 31.63 | 1,762.28 | 31.66 | 1,764.44 | 31.69 | 1,766.61 | 31.83 | 1,775.26 |
| 98348 | 08/25/1998 | 10/25/1998 | 596.50 | 31.56 | 220.81 | 31.59 | 221.08 | 31.63 | 221.35 | 31.66 | 221.62 | 31.69 | 221.90 | 31.83 | 222.98 |
| 41562 | 08/25/1998 | 10/25/1998 | 13,685.76 | 31.56 | 5,049.18 | 31.59 | 5,055.40 | 31.63 | 5,061.62 | 31.66 | 5,067.82 | 31.69 | 5,074.06 | 31.83 | 5,098.98 |
| 41597 | 08/27/1998 | 10/27/1998 | 13,685.76 | 31.50 | 5,037.15 | 31.53 | 5,043.37 | 31.56 | 5,049.59 | 31.60 | 5,055.80 | 31.47 | 5,062.02 | 31.76 | 5,086.91 |
| 41655 | 09/01/1998 | 11/01/1998 | 13,685.76 | 31.33 | 5,006.94 | 31.37 | 5,013.14 | 31.40 | 5,019.34 | 31.43 | 5,025.55 | 31.47 | 5,031.75 | 31.60 | 5,056.60 |
| 98355 | 09/01/1998 | 11/01/1998 | 5,090.60 | 31.33 | 1,862.40 | 31.37 | 1,864.70 | 31.40 | 1,867.01 | 31.43 | 1,869.32 | 31.47 | 1,871.63 | 31.60 | 1,880.87 |
| 41595 | 09/03/1998 | 11/03/1998 | 13,685.76 | 31.27 | 4,994.54 | 31.30 | 5,000.74 | 31.33 | 5,006.94 | 31.37 | 5,013.14 | 31.40 | 5,019.34 | 31.53 | 5,044.17 |
| 41776 | 09/07/1998 | 11/07/1998 | 13,685.76 | 31.13 | 4,969.77 | 31.17 | 4,975.96 | 31.20 | 4,982.15 | 31.23 | 4,988.35 | 31.27 | 4,994.54 | 31.40 | 5,019.34 |
| 41729 | 09/07/1998 | 11/07/1998 | 13,685.76 | 31.13 | 4,969.77 | 31.17 | 4,975.96 | 31.20 | 4,982.15 | 31.23 | 4,988.35 | 31.27 | 4,994.54 | 31.40 | 5,019.34 |
| 41786 | 09/10/1998 | 11/10/1998 | 336.00 | 31.03 | 121.56 | 31.07 | 121.71 | 31.10 | 121.86 | 31.13 | 122.01 | 31.17 | 122.17 | 31.30 | 122.77 |
| 41805 | 09/11/1998 | 11/11/1998 | 16,968.80 | 31.00 | 6,131.29 | 31.03 | 6,138.96 | 31.07 | 6,146.62 | 31.10 | 6,154.29 | 31.13 | 6,161.96 | 31.27 | 8,192.67 |

EXHIBIT 3, page 1

**MAYER, BROWN & PLATT**
Zapata Hermanos Sucesores v. Maurice Lenel Cooky Co.
99 C 4040
(Interest computed at rate of 1% per month compounded through June 19, 2001)

| Invoice No. | Invoice Date | Invoice Due Date | Invoice Amount $ | Months thru 6/11/01 | Compound Interest $ | Months thru 6/12/01 | Compound Interest $ | Months thru 6/13/01 | Compound Interest $ | Months thru 6/14/01 | Compound Interest $ | Months thru 6/15/01 | Compound Interest $ | Months thru 6/18/01 | Compound Interest $ | Months thru 6/19/01 | Compound Interest $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41838 | 09/17/1998 | 11/17/1998 | 18,958.80 | 30.80 | 6,083.37 | 30.83 | 6,093.02 | 30.83 | 6,100.67 | 30.90 | 6,108.32 | 30.93 | 6,115.97 | | | 31.07 | 6,146.62 |
| 41850 | 09/18/1998 | 11/18/1998 | 7,834.85 | 30.77 | 2,842.03 | 30.80 | 2,845.60 | 30.83 | 2,849.18 | 30.87 | 2,852.75 | 30.90 | 2,856.34 | | | 31.03 | 2,870.66 |
| 41851 | 09/18/1998 | 11/18/1998 | 6,272.54 | 30.77 | 2,246.67 | 30.80 | 2,249.50 | 30.83 | 2,252.33 | 30.87 | 2,255.16 | 30.90 | 2,257.98 | | | 31.03 | 2,269.31 |
| 98362 | 09/20/1998 | 11/20/1998 | 2,106.05 | 30.70 | 752.43 | 30.73 | 753.36 | 30.77 | 754.32 | 30.80 | 755.27 | 30.83 | 758.22 | | | 30.97 | 760.02 |
| 41874 | 09/21/1998 | 11/21/1998 | 5,702.40 | 30.67 | 2,034.75 | 30.70 | 2,037.30 | 30.73 | 2,039.86 | 30.77 | 2,042.43 | 30.80 | 2,045.00 | | | 30.93 | 2,055.29 |
| 41877 | 09/21/1998 | 11/21/1998 | 13,685.76 | 30.67 | 4,883.35 | 30.70 | 4,889.51 | 30.73 | 4,895.67 | 30.77 | 4,901.83 | 30.80 | 4,908.00 | | | 30.93 | 4,932.69 |
| 41878 | 09/21/1998 | 11/21/1998 | 7,925.15 | 30.67 | 2,827.85 | 30.70 | 2,831.42 | 30.73 | 2,834.98 | 30.77 | 2,838.55 | 30.80 | 2,842.12 | | | 30.93 | 2,856.42 |
| 41879 | 09/21/1998 | 11/21/1998 | 9,043.66 | 30.67 | 3,226.95 | 30.70 | 3,231.02 | 30.73 | 3,235.09 | 30.77 | 3,239.17 | 30.80 | 3,243.24 | | | 30.93 | 3,259.55 |
| 41881 | 09/22/1998 | 11/22/1998 | 13,685.76 | 30.63 | 4,877.19 | 30.67 | 4,883.35 | 30.70 | 4,889.51 | 30.73 | 4,895.67 | 30.77 | 4,901.83 | | | 30.90 | 4,926.51 |
| 41890 | 09/22/1998 | 11/22/1998 | 9,193.16 | 30.63 | 3,276.16 | 30.67 | 3,280.30 | 30.70 | 3,284.44 | 30.73 | 3,288.58 | 30.77 | 3,292.72 | | | 30.90 | 3,309.29 |
| 41899 | 09/23/1998 | 11/23/1998 | 6,842.85 | 30.60 | 2,435.52 | 30.63 | 2,438.60 | 30.67 | 2,441.67 | 30.70 | 2,444.75 | 30.73 | 2,447.84 | | | 30.87 | 2,460.17 |
| 41900 | 09/23/1998 | 11/23/1998 | 5,758.10 | 30.60 | 2,052.98 | 30.63 | 2,055.58 | 30.67 | 2,058.17 | 30.70 | 2,060.77 | 30.73 | 2,063.36 | | | 30.87 | 2,073.76 |
| 41923 | 09/24/1998 | 11/24/1998 | 5,438.40 | 30.57 | 1,933.19 | 30.60 | 1,935.63 | 30.63 | 1,938.08 | 30.67 | 1,940.53 | 30.70 | 1,942.98 | | | 30.83 | 1,952.78 |
| 41924 | 09/24/1998 | 11/24/1998 | 5,046.68 | 30.57 | 1,793.94 | 30.60 | 1,796.21 | 30.63 | 1,798.48 | 30.67 | 1,800.75 | 30.70 | 1,803.03 | | | 30.83 | 1,812.12 |
| 41943 | 09/25/1998 | 11/25/1998 | 0.00 | 30.53 | 0.00 | 30.57 | | 30.60 | | 30.63 | | 30.67 | | | | 30.80 | |
| 41944 | 09/25/1998 | 11/25/1998 | 8,211.60 | 30.53 | 2,915.34 | 30.57 | 2,919.05 | 30.60 | 2,922.74 | 30.63 | 2,926.44 | 30.67 | 2,930.13 | | | 30.80 | 2,944.92 |
| 41980 | 09/25/1998 | 11/25/1998 | 13,685.76 | 30.43 | 4,840.29 | 30.47 | 4,846.43 | 30.50 | 4,852.58 | 30.53 | 4,858.73 | 30.57 | 4,864.88 | | | 30.70 | 4,889.51 |
| 41983 | 09/28/1998 | 11/28/1998 | 7,768.16 | 30.43 | 2,747.37 | 30.47 | 2,750.86 | 30.50 | 2,754.35 | 30.53 | 2,757.84 | 30.57 | 2,761.33 | | | 30.70 | 2,775.31 |
| 41984 | 09/28/1998 | 11/28/1998 | 3,439.60 | 30.43 | 1,216.56 | 30.47 | 1,218.11 | 30.50 | 1,219.65 | 30.53 | 1,221.20 | 30.57 | 1,222.75 | | | 30.70 | 1,228.94 |
| 41989 | 09/28/1998 | 11/28/1998 | 16,674.28 | 30.43 | 5,897.24 | 30.47 | 5,904.73 | 30.50 | 5,912.22 | 30.53 | 5,919.73 | 30.57 | 5,927.21 | | | 30.70 | 5,957.22 |
| 41977 | 09/29/1998 | 11/29/1998 | 7,768.10 | 30.40 | 2,743.88 | 30.43 | 2,747.37 | 30.47 | 2,750.86 | 30.50 | 2,754.35 | 30.53 | 2,757.84 | | | 30.67 | 2,771.81 |
| 41978 | 09/29/1998 | 11/29/1998 | 3,439.60 | 30.40 | 1,215.02 | 30.43 | 1,216.56 | 30.47 | 1,218.11 | 30.50 | 1,219.65 | 30.53 | 1,221.20 | | | 30.67 | 1,227.39 |
| 42029 | 10/01/1998 | 12/01/1998 | 13,566.80 | 30.33 | 4,780.14 | 30.37 | 4,786.23 | 30.40 | 4,792.32 | 30.43 | 4,798.41 | 30.47 | 4,804.50 | | | 30.60 | 4,828.59 |
| 42032 | 10/01/1998 | 12/01/1998 | 4,366.90 | 30.33 | 1,538.29 | 30.37 | 1,540.25 | 30.40 | 1,542.20 | 30.43 | 1,544.16 | 30.47 | 1,546.13 | | | 30.60 | 1,553.97 |
| 42034 | 10/01/1998 | 12/01/1998 | 8,879.90 | 30.33 | 3,126.65 | 30.37 | 3,132.63 | 30.40 | 3,136.92 | 30.43 | 3,140.80 | 30.47 | 3,144.59 | | | 30.60 | 3,160.49 |
| 41933 | 10/01/1998 | 12/01/1998 | 13,685.76 | 30.33 | 4,822.06 | 30.37 | 4,828.20 | 30.40 | 4,834.34 | 30.43 | 4,840.48 | 30.47 | 4,846.63 | | | 30.60 | 4,871.23 |
| 42043 | 10/02/1998 | 12/02/1998 | 6,065.20 | 30.30 | 2,134.29 | 30.34 | 2,137.11 | 30.37 | 2,139.83 | 30.40 | 2,142.55 | 30.44 | 2,145.27 | | | 30.57 | 2,156.17 |
| 42044 | 10/02/1998 | 12/02/1998 | 3,421.44 | 30.30 | 1,204.03 | 30.34 | 1,205.56 | 30.37 | 1,207.10 | 30.40 | 1,208.63 | 30.44 | 1,210.17 | | | 30.57 | 1,216.32 |
| 42048 | 10/02/1998 | 12/02/1998 | 1,421.44 | 30.30 | 500.22 | 30.34 | 500.85 | 30.37 | 501.49 | 30.40 | 502.13 | 30.44 | 502.77 | | | 30.57 | 505.32 |
| 42052 | 10/02/1998 | 12/02/1998 | 9,430.30 | 30.30 | 3,318.59 | 30.34 | 3,322.82 | 30.37 | 3,327.05 | 30.40 | 3,331.28 | 30.44 | 3,335.52 | | | 30.57 | 3,352.49 |
| 42081 | 10/06/1998 | 12/06/1998 | 13,685.76 | 30.17 | 4,792.38 | 30.21 | 4,798.51 | 30.24 | 4,804.64 | 30.27 | 4,810.78 | 30.31 | 4,816.91 | | | 30.44 | 4,841.47 |
| 42148 | 10/09/1998 | 12/09/1998 | 6,365.90 | 30.08 | 2,220.89 | 30.11 | 2,223.74 | 30.14 | 2,226.59 | 30.18 | 2,229.44 | 30.21 | 2,232.29 | | | 30.34 | 2,243.71 |
| 42143 | 10/09/1998 | 12/09/1998 | 13,092.50 | 30.08 | 4,567.62 | 30.11 | 4,573.48 | 30.14 | 4,579.34 | 30.18 | 4,585.20 | 30.21 | 4,591.07 | | | 30.34 | 4,614.54 |
| 98380 | 10/09/1998 | 12/09/1998 | 0.00 | 30.08 | 0.00 | 30.11 | | 30.14 | | 30.18 | | 30.21 | | | | 30.34 | |
| 42221 | 10/14/1998 | 12/14/1998 | 11,404.80 | 29.92 | 3,954.16 | 29.95 | 3,959.25 | 29.98 | 3,964.35 | 30.02 | 3,969.45 | 30.05 | 3,974.55 | | | 30.18 | 3,994.97 |
| 98364 | 10/15/1998 | 12/15/1998 | 444.00 | 29.88 | 153.75 | 29.92 | 153.95 | 29.95 | 154.14 | 29.98 | 154.34 | 30.02 | 154.54 | | | 30.15 | 153.34 |
| 98368 | 10/15/1998 | 12/15/1998 | 4,552.00 | 29.88 | 1,576.26 | 29.92 | 1,578.29 | 29.95 | 1,580.32 | 29.98 | 1,582.38 | 30.02 | 1,584.39 | | | 30.15 | 1,592.54 |
| 42310 | 10/20/1998 | 12/20/1998 | 11,404.80 | 29.72 | 3,924.61 | 29.75 | 3,929.69 | 29.79 | 3,934.78 | 29.82 | 3,939.87 | 29.85 | 3,944.96 | | | 29.99 | 3,965.34 |
| 42375 | 10/23/1998 | 12/23/1998 | 5,439.60 | 29.62 | 1,864.90 | 29.66 | 1,867.32 | 29.69 | 1,869.75 | 29.72 | 1,872.17 | 29.76 | 1,874.60 | | | 29.89 | 1,884.31 |
| 42380 | 10/23/1998 | 12/23/1998 | 2,848.40 | 29.62 | 1,810.79 | 29.66 | 1,812.10 | 29.69 | 1,813.41 | 29.72 | 1,014.73 | 29.76 | 1,016.04 | | | 29.89 | 1,021.31 |
| 42388 | 10/23/1998 | 12/23/1998 | 10,135.76 | 29.62 | 3,474.80 | 29.66 | 3,479.31 | 29.69 | 3,483.83 | 29.72 | 3,488.35 | 29.76 | 3,492.86 | | | 29.89 | 3,510.98 |
| 98389 | 10/29/1998 | 12/29/1998 | 2,908.08 | 29.43 | 989.45 | 29.46 | 990.74 | 29.50 | 992.04 | 29.53 | 993.33 | 29.56 | 994.62 | | | 29.70 | 999.81 |
| 42416 | 10/30/1998 | 12/30/1998 | 17,212.93 | 29.40 | 5,849.15 | 29.43 | 5,856.90 | 29.47 | 5,864.46 | 29.50 | 5,872.11 | 29.53 | 5,879.77 | | | 29.67 | 5,910.43 |
| 12416 | 10/30/1998 | 12/30/1998 | 0.00 | 29.40 | 0.00 | 29.43 | | 29.47 | | 29.50 | | 29.53 | | | | 29.67 | |
| 54 | 10/30/1998 | 12/30/1998 | 6,682.50 | 29.40 | 2,270.79 | 29.43 | 2,273.78 | 29.47 | 2,276.73 | 29.50 | 2,279.70 | 29.53 | 2,282.66 | | | 29.67 | 2,294.58 |
| 55 | 10/30/1998 | 12/30/1998 | 353.00 | 29.40 | 119.95 | 29.43 | 120.11 | 29.47 | 120.27 | 29.50 | 120.42 | 29.53 | 120.58 | | | 29.67 | 121.21 |
| 98375 | 11/10/1998 | 01/10/1999 | 6,552.80 | 29.04 | 2,229.28 | 29.08 | 2,232.23 | 29.11 | 2,235.18 | 29.14 | 2,238.13 | 29.18 | 2,241.07 | | | 29.31 | 2,252.88 |
| 98370 | 11/12/1998 | 01/12/1999 | 4,387.74 | 28.98 | 1,466.53 | 29.01 | 1,468.47 | 29.05 | 1,470.41 | 29.08 | 1,472.35 | 29.11 | 1,474.30 | | | 29.25 | 1,482.06 |
| 98377 | 11/12/1998 | 01/12/1999 | 1,965.60 | 28.98 | 656.97 | 29.01 | 657.84 | 29.05 | 658.71 | 29.08 | 659.58 | 29.11 | 660.45 | | | 29.25 | 663.94 |
| 98379 | 11/16/1998 | 01/16/1999 | 1,228.50 | 28.88 | 409.03 | 28.92 | 409.57 | 28.95 | 410.11 | 28.98 | 410.66 | 29.02 | 411.20 | | | 29.15 | 413.38 |
| 98371 | 12/01/1998 | 02/01/1999 | 2,376.00 | 28.33 | 773.74 | 28.36 | 774.79 | 28.40 | 775.83 | 28.43 | 776.88 | 28.46 | 777.92 | | | 28.60 | 782.11 |
| 98372 | 12/02/1998 | 02/02/1999 | 1,404.00 | 28.30 | 456.55 | 28.33 | 457.17 | 28.36 | 457.78 | 28.40 | 458.40 | 28.43 | 459.02 | | | 28.56 | 461.49 |
| 506 | 12/09/1998 | 02/09/1999 | 13,685.76 | 28.05 | 4,405.25 | 28.08 | 4,411.26 | 28.11 | 4,417.26 | 28.15 | 4,423.26 | 28.18 | 4,429.27 | | | 28.31 | 4,453.32 |
| 98385 | 12/14/1998 | 02/14/1999 | 1,474.20 | 27.87 | 471.06 | 27.90 | 471.71 | 27.93 | 472.36 | 27.97 | 473.00 | 28.00 | 473.65 | | | 28.13 | 476.23 |
| 98373 | 12/04/1998 | 02/04/1999 | 12,849.65 | 28.22 | 4,166.33 | 28.26 | 4,171.98 | 28.29 | 4,177.62 | 28.32 | 4,183.27 | 28.36 | 4,188.92 | | | 28.49 | 4,211.54 |
| 2896 | 05/20/1999 | 07/20/1999 | 44,132.58 | 22.72 | 11,208.42 | 22.75 | 11,226.70 | 22.79 | 11,245.17 | 22.82 | 11,263.56 | 22.85 | 11,281.95 | | | 22.99 | 11,355.59 |
| **Totals** | | | 857,795.89 | | 316,772.53 | | 317,162.17 | | 317,551.95 | | 317,941.85 | | 318,331.88 | | | | 319,893.30 |

EXHIBIT 3, page 2

4