Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 4040 | DATE | 7/19/2001 |
| CASE TITLE | Zapata Hermanos Sucesores vs. Hearthside Baking Co. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Judgment Order. I would have be the simplest of changes for this Court to have eliminated n.9 and the Appendix in favor of a straight-out affirmative confirmation of the correctness of the interest figure involved.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JUL 20 2001 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 79 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/19/2001 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 01 JUL 19 PM 2:33 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZAPATA HERMANOS SUCESORES, S.A., )
)
            Plaintiff, )
)
v. )  No. 99 C 4040
)
HEARTHSIDE BAKING CO., INC., )
etc., )
)
            Defendant. )

DOCKETED
JUL 20 2001

## SUPPLEMENT TO MEMORANDUM OPINION AND JUDGMENT ORDER[1]

This morning (the day after the completion and issuance of this Court's July 18 memorandum opinion and judgment order (the "Opinion")), this Court's minute clerk was apprised by Zapata's lead counsel (whom she had called to pick up a copy of the Opinion) that (1) on the evening of July 17 another of Zapata's attorneys had spoken with Lenell's accountant who was reviewing the revised Zapata spreadsheet covering the interest calculation later approved in the Opinion and (2) Lenell's accountant had at that time expressed the view that the calculation "looked fine" and said that he had so told one of Lenell's attorneys. That appears to impact doubly on the Opinion:

    1. In the text at n.9, the statement as to the interest figure that was approved by this Court really becomes a more affirmative one: There appears to be no dispute as to the <u>amount</u> that is awardable to Zapata as

---

    [1] This supplement employs the same defined terms as the original opinion.

interest if this Court's substantive analysis of the issue prevails.

2. It is distressing (and frankly somewhat astonishing) that with the accountant thus having reached a positive conclusion as to the Zapata calculation, Lenell's counsel had failed to communicate that fact to this Court's staff. As the Appendix to the Opinion said, that had been the subject of a number of requests directed to Lenell's counsel without success, despite the fact that the requests had made it obvious that a very prompt response was needed. And it should be equally obvious from the nature and placement of the Appendix that this Court had held up on that aspect of the Opinion until the last possible moment, in the hope that the mootness of any issue as to the numbers might obviate any need for that discussion. It would have been the simplest of changes for this Court to have eliminated n.9 and the Appendix in favor of a straight-out affirmative confirmation of the correctness of the interest figure involved.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 19, 2001

2